Phillip J. Eskenazi (State Bar No. 158976)
peskenazi@hunton.com
Andrew Huang (State Bar No. 304402)
ahuang@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOSEPH SAENZ, individually and on behalf of all others similarly situated, | CASE NO.:  2:17-CV-8758 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441(b)** |
| v. | |
| LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 20, inclusive, | Complaint Filed:  November 1, 2017 |
| Defendants. | |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**
2  **THE CENTRAL DISTRICT OF CALIFORNIA:**

3      **PLEASE TAKE NOTICE** that Defendant Lowe's Home Centers, LLC
4  ("Defendant") hereby removes to this Court, pursuant to the Class Action Fairness Act
5  of 2005, 28 U.S.C. § 1711, *et seq.*, the state court action described below.  In support
6  thereof, Defendant states as follows:

7      1.    The state court action is one that may be removed to this Court pursuant
8  to 28 U.S.C. § 1441(b), and this Court has subject matter jurisdiction over this action
9  pursuant to 28 U.S.C. § 1332(d).

10      2.    On November 1, 2017, a putative class action was filed by Plaintiff
11  Joseph Saenz ("Plaintiff") and is currently pending against Defendant in the Superior
12  Court for the State of California, County of Los Angeles, as Case No. BC682111,
13  *Joseph Saenz, et al. v. Lowe's Home Centers, LLC, et al.* (the "Class Action").
14  Plaintiff served Defendant with the Summons and original Class Action Complaint on
15  November 6, 2017.  Upon information and belief, there have been no other
16  proceedings in the Action.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of
17  all process, pleadings, and orders filed in this action or served upon Defendant are
18  attached hereto as Exhibit A.

19  <center>**I.**</center>
20  <center>**DEFENDANT HAS SATISFIED THE**</center>
21  <center>**PROCEDURAL REQUIREMENTS FOR REMOVAL**</center>

22      3.    Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action
23  or proceeding shall be filed within thirty days after the receipt by the defendant,
24  through service or otherwise, of a copy of the initial pleading setting forth the claim
25  for relief upon which such action or proceeding is based."  Plaintiff served Defendant
26  with the Summons and Class Action Complaint on November 6, 2017.  Thus,
27  Defendant's Notice of Removal is timely because it is filed within 30 days of the date
28  of service.

<center>1</center>

4.      Venue lies in the United States District Court for the Central District of California because the Class Action was filed by Plaintiff and is now pending in this judicial district. *See* 28 U.S.C. § 1441(a).

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, which papers include the Summons and Class Action Complaint, are attached hereto as Exhibit A.

6.      Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

## II.

## REMOVAL IS PROPER BECAUSE THIS
## COURT HAS SUBJECT MATTER JURISDICTION

7.      The Class Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715). Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the aggregated amount in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d).

8.      As set forth below, this is a putative class action in which, as alleged: (i) there are more than 100 members in Plaintiff's proposed class; (ii) Plaintiff and the members of the putative class have a different citizenship than Defendant, the sole named defendant; and (iii) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441(b)

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**A.     This is a Class Action Consisting of More Than 100 Members**

9.     Plaintiff  proposes a class of California citizens currently or formerly employed by Defendant in a non-exempt capacity in the State of California since November 1, 2016.  Compl., ¶ 20.  The proposed class is limited to non-exempt employees working within one year prior to the filing of the Class Action Complaint.

10.     Defendant currently employs 16,701 hourly, non-exempt employees in the State of California.  Declaration of Grace Ridley ("Ridley Decl."), at ¶ 5.  Accordingly, the proposed class will greatly exceed 100 members.  Indeed, Plaintiff has alleged that the putative class will be greater than one hundred individuals.  Compl., ¶ 24(a).

**B.     The Diversity of Citizenship Requirement is Satisfied**

11.     Plaintiff Joseph Saenz is an individual who currently resides in the State of California.  Compl., ¶ 10.  Accordingly, for jurisdictional purposes, Plaintiff is a resident of the State of California.

12.     Defendant is, and has been at all relevant times, a citizen of the State of North Carolina for jurisdictional purposes.  Defendant is a limited liability company that is organized under the laws of North Carolina.  Ridley Decl., at ¶ 2.  For removal purposes, a limited liability company is treated as a partnership for purposes of diversity and its citizenship thus depends on the citizenship of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant's sole member is Lowe's Companies, Inc.  Ridley Decl., at ¶ 2.

13.     Lowe's Companies, Inc. is, and has been at all relevant times, a North Carolina corporation with its principal place of business in North Carolina.  Ridley Decl., at ¶ 3.  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  At all relevant times, Lowe's Companies Inc.'s corporate headquarters where its high level

officers directed, controlled, and coordinated the corporation's activities has been located in Mooresville, North Carolina.  Ridley Decl., at ¶ 3.  For removal purposes, Lowe's Companies, Inc. is, and has been at all relevant times, a citizen of the State of North Carolina.  Thus, Lowe's Home Centers, LLC is a citizen of the State of North Carolina, and therefore Defendant is, and has been at all relevant times, a citizen of the State of North Carolina, not California.

14.     The citizenship of unidentified Doe defendants is not considered in determining diversity of citizenship for federal subject matter jurisdiction purposes. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Accordingly, the requisite diversity of citizenship therefore exists.  *See* 28 U.S.C. § 1332(c)(1) & (d)(2)(A).

**C.     The Amount In Controversy Requirement is Satisfied**

15.     Plaintiff brings a cause of action alleging violations of the California Labor Code § 226 for failure to provide accurate itemized wage statements.  Compl., ¶¶ 31–37.  California Labor Code § 226 provides that an employee is entitled to recover the greater of (a) actual damages, or (b) fifty dollars for the initial pay period and one hundred dollars for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.  *See* Cal. Lab. Code § 226(e).  As set forth below, Plaintiff's allegations establish that there is more than $5,000,000 at issue.

16.     Plaintiff alleges that all proposed class members have received inaccurate wage statements since November 1, 2016 and that each is entitled to up to $4,000 on his/her claim.  Compl., ¶ 35.  This unequivocally presents exposure substantially greater than $5,000,000.

17.     Defendant currently employs 16,701 non-exempt employees in California.  Ridley Decl., at ¶ 5.  This number has been consistent throughout the proposed class period.  If 16,701 people each received four inaccurate wage statements, the potential damages would be $5,845,350.  And Plaintiff alleges that all

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071–2627

wage statements have been inaccurate since November 1, 2016 (*i.e.*, more than 26 and counting). Accordingly, there is substantially more than $5,000,000 at issue.

18.   Finally, Plaintiff seeks attorneys' fees, which are properly included when calculating the CAFA $5,000,000 exposure threshold. *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008 (C.D. Cal. July 11, 2005) (including attorneys' fees for purposes of amount in controversy requirement, and concluding that the court had jurisdiction under CAFA).

19.   Based on the foregoing, it is evident that the jurisdictional amount in controversy requirement is met and removal to this Court is proper under CAFA.

**WHEREFORE**, Defendant respectfully removes this Action to this Court pursuant to 28 U.S.C. § 1441(b).

Dated:  December 5, 2017            **HUNTON & WILLIAMS LLP**

By:   /s/ Philip J. Eskenazi
      Phillip J. Eskenazi
      Attorneys for Defendant
      LOWE'S HOME CENTERS, LLC

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# EXHIBIT A



# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 17363225**
**Date Processed: 11/07/2017**

| | |
|---|---|
| **Primary Contact:** | Janette Hobson<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| **Electronic copy provided to:** | David Wiles<br>Bill McCanless<br>Angela Greene<br>Stacey Davidson |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Joseph Saenz vs. Lowe's Home Centers, LLC |
| **Document(s) Type:** | Notice and Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/06/2017 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Samuel A Wong<br>949-379-6250 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Exhibit A, Page 7**



9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: 949.379.6250
Facsimile: 949.379.6251
www.aegislawfirm.com

November 2, 2017

**VIA ONLINE SUBMISSION**

California Labor and Workforce Development Agency
Attn: PAGA Administrator

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

Agent for Service of Process for Lowe's Home Centers, LLC:
Corporation Service Company Which Will Do Business In California As
CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re:    *Joseph Saenz v. Lowe's Home Centers, LLC*

Dear Labor and Workforce Development Agency and Lowe's Home Centers, LLC:

Please allow this correspondence to serve as written notice required by California Labor Code § 2699.3(a)(1) of the specific provisions of the Labor Code allegedly violated by Lowe's Home Centers, LLC ("Lowe's") and the facts and theories in support of said allegations. This firm represents Mr. Joseph Saenz ("Claimant"); we hereby notify you that Claimant intends to seek penalties against Lowe's under the Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 *et seq.*, on behalf of himself and all other aggrieved employees.

Specific Provisions of the California Labor Code Allegedly Violated by Lowe's

The specific provisions of the Labor Code allegedly violated by Lowe's and the provisions under which Claimant submits this correspondence include the following: §§ 226 and 226.3.

Facts and Theories Supporting the Allegations Against Lowe's

Claimant and other aggrieved employees worked for Lowe's as non-exempt employees in California. Claimant was employed by Lowe's in California within the past year.

Lowe's violated Labor Code sections 226 and 226.3 by failing to provide itemized wage statements that accurately reported the following: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned;

---

Irvine                    Los Angeles                    Riverside

**Exhibit A, Page 8**

(6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Specifically, among other things, Claimant's and other aggrieved employees' wage statements did not accurately set forth the applicable hourly rate of pay for any overtime hours worked during the pay period, nor did the wage statement accurately set forth the number of hours worked that would be payable at the regular and/or overtime rates of pay.

Based on these violations, Claimant seeks attorneys' fees, interest, and penalties under the Labor Code. Attached hereto and incorporated herein is the class action complaint Claimant filed in Los Angeles County Superior Court on November 1, 2017, on behalf of himself and all other aggrieved employees against Lowe's Home Centers, LLC. Claimant intends to amend the complaint to include a cause of action pursuant to Labor Code §§ 2698, *et seq.*

Thank you for your assistance on this issue. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,
AEGIS LAW FIRM

Ali S. Carlsen

Enclosure(s)
Class Action Complaint

2

**Exhibit A, Page 9**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH SAENZ, individually and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

NOV 0 1 2017

Sherri R. Carter, Executive Officer/Clerk

By _____ , Deputy
Moses Soto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill Street<br>Los Angeles, 90012 | **CASE NUMBER:** *(Número del Caso):* **BC 6 8 2 1 1 1** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samuel Wong, Esq.,   AEGIS LAW FIRM, PC, 9811 Irvine Ctr Dr, Ste 100, Irvine, CA 92618, 949-379-6250

DATE: NOV 0 1 2017          **SHERRI R. CARTER**          Clerk, by _____ M. Soto , Deputy
*(Fecha)*                         *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**Exhibit A, Page 10**

1

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104

2

KASHIF HAQUE, State Bar No. 218672

3

JESSICA L. CAMPBELL, State Bar No. 280626
ALI S. CARLSEN, State Bar No. 289964

4

9811 Irvine Center Drive, Suite 100
Irvine, California 92618

5

Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

6

7

Attorneys for Plaintiff Joseph Saenz, individually,
and on behalf of all others similarly situated.

8

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

10

11

JOSEPH SAENZ, individually and on
behalf of all others similarly situated,

Case No.

12

13

         Plaintiff,

14

         vs.

15

LOWE'S HOME CENTERS, LLC, a North
Carolina limited liability company; and
DOES 1 through 20, inclusive,

16

17

         Defendants.

**CLASS ACTION COMPLAINT FOR
FAILURE TO PROVIDE ACCURATE
ITEMIZED WAGE STATEMENTS**

**DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**Exhibit A, Page 11**

1    Plaintiff Joseph Saenz, individually, and on behalf of others similarly situated, alleges

2    as follows:

3                **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4         1.    Plaintiff Joseph Saenz ("Plaintiff") brings this putative class action against

5    defendant Lowe's Home Centers, LLC ("Defendant"), and DOES 1 through 20, inclusive

6    (collectively, "Defendants"), on behalf of himself individually and a putative class of California

7    citizens who are and were employed by Defendants as non-exempt employees throughout

8    California.

9         2.    Defendants are in engaged in the operation of retail stores and sales of home

10   improvement goods in the State of California.

11        3.    Through this action, Plaintiff alleges that Defendants have engaged in a

12   systematic pattern of violations under the California Labor Code.

13        4.    Plaintiff is informed and believes, and thereon alleges, that Defendants violated

14   and continue to violate California wage and hour laws by, among other things:

15             (a)    failing to provide accurate itemized wage statements pursuant to Labor

16                    Code § 226; and

17        5.    Plaintiff seeks monetary relief against Defendants on behalf of himself and all

18   others similarly situated in California to recover, among other things, actual damages and/or

19   statutory penalties, interest to the extent permitted by law, attorneys' fees, costs, and expenses

20   pursuant to Labor Code § 226, and Code of California Civil Procedure § 1021.5.

21                         **JURISDICTION AND VENUE**

22        6.    This is a class action pursuant to California Code of Civil Procedure § 382. The

23   monetary damages and/or penalties sought by Plaintiff exceeds the minimal jurisdictional limits

24   of the Superior Court and will be established according to proof at trial.

25        7.    This Court has jurisdiction over this action pursuant to the California

26   Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all

27   causes except those given by statutes to other courts.  The statutes under which this action is

28   brought do not specify any other basis for jurisdiction.

-1-

CLASS ACTION COMPLAINT

**Exhibit A, Page 12**

8.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

**THE PARTIES**

10.     Plaintiff is a resident of California in the County of Los Angeles and worked for Defendants in California during the relevant time periods as alleged herein.

11.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

-2-

**Exhibit A, Page 13**

1  DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

2  the other's behalf. The acts of any and all Defendants were in accordance with, and represent,

3  the official policy of Defendants.

4        16.    At all relevant times, Defendants, and each of them, acted within the scope of

5  such agency or employment, or ratified each and every act or omission complained of herein.

6  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

7  each and all the other Defendants in proximately causing the damages herein alleged.

8        17.    Plaintiff is informed and believes, and thereon alleges, that each of said

9  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

10  omissions, occurrences, and transactions alleged herein.

11  <div align="center">**CLASS ACTION ALLEGATIONS**</div>

12        18.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

13  himself and all others similarly situated who were affected by Defendants' Labor Code

14  violations.

15        19.    All claims alleged herein arise under California law for which Plaintiff seeks

16  relief authorized by California law.

17        20.    Plaintiff's proposed class consists of and is defined as follows:

18            Class

19            All California citizens currently or formerly employed by Defendants as non-

20            exempt employees in the State of California within one year prior to the filing of

21            this action to the time the class is certified ("Class").

22        21.    Plaintiff reserves the right to modify or re-define the Class, establish additional

23  subclasses, or modify or re-define any class or subclass definition as appropriate based on

24  investigation, discovery, and specific theories of liability.

25        22.    Members of the Class described above will be collectively referred to as "Class

26  Members."

27

28

<div align="center">-3-</div>

**Exhibit A, Page 14**

23.     There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements in violation of Labor Code § 226.

24.     There is a well-defined community of interest in this litigation and the proposed Class are readily ascertainable:

(a)     Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the entire Class are unknown to Plaintiff at this time, on information and belief, the class is estimated to be greater than one hundred (100) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws, including Labor Code § 226, entitled each Class Member to similar benefits, protections, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)     Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to his and the Class Members. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d)     Superiority: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort,

-4-

1    and expense as compared with separate lawsuits and will avoid inconsistent outcomes because

2    the same issues can be adjudicated in the same manner for the entire Class at the same time. If

3    appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this

4    case as a class action.

5              (e)      Public Policy Considerations: Employers in the State of California

6    violate employment and labor laws every day. Current employees are often afraid to assert their

7    rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing

8    actions because they believe their former employers might damage their future endeavors

9    through negative references and/or other means. Class actions provide class members who are

10   not named in the complaint with a type of anonymity that allows for the vindication of their

11   rights while affording them privacy protections.

12                              **GENERAL ALLEGATIONS**

13             25.     At all relevant times mentioned herein, Defendants employed Plaintiff and other

14   California residents as non-exempt employees throughout California in connection with

15   Defendants' California business operations.

16             26.     Defendants continue to employ non-exempt employees within California.

17             27.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

18   mentioned, Defendants were advised by skilled lawyers, employees, and other professionals

19   who were knowledgeable about California's wage and hour laws, employment and personnel

20   practices, and the requirements of California law.

21             28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22   should have known that Plaintiff and Class Members were entitled to receive itemized wage

23   statements prescribed by Labor Code § 226 that accurately showed nine pieces of information,

24   including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3)

25   the number of piece-rate units earned and any applicable piece rate if the employee is paid on a

26   piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the

27   employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

28   dates of the period for which the employee is paid, (7) the name of the employee and the last

-5-

**Exhibit A, Page 16**

1    four digits of his or her social security number or an employee identification number other than

2    a social security number, (8) the name and address of the legal entity that is the employer, and

3    (9) all applicable hourly rates in effect during the pay period and the corresponding number of

4    hours worked at each hourly rate by the employee.

5         29.    In violation of the Labor Code, Plaintiff and Class Members were not provided

6    with accurate wage statements that, among other things, itemized all applicable hourly rates in

7    effect during the pay period and the corresponding number of hours worked at such hourly

8    rates.

9         30.    Therefore, Plaintiff brings this lawsuit seeking on behalf of himself and all Class

10   Members to recover, among other things statutory penalties, interest to the extent permitted by

11   law, attorneys' fees, costs, and expenses.

12                          **FIRST CAUSE OF ACTION**

13         **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

14                        (Violation of Labor Code § 226)

15        31.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

16   though fully set forth herein.

17        32.    Labor Code § 226(a) requires Defendants to provide each employee with an

18   accurate wage statement in writing showing nine pieces of information, including, the

19   following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

20   piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate

21   basis, (4) all deductions, provided that all deductions made on written orders of the employee

22   may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the

23   period for which the employee is paid, (7) the name of the employee and the last four digits of

24   his or her social security number or an employee identification number other than a social

25   security number, (8) the name and address of the legal entity that is the employer, and (9) all

26   applicable hourly rates in effect during the pay period and the corresponding number of hours

27   worked at each hourly rate by the employee.

28

Exhibit A, Page 17

33.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, Defendants' failure to correctly and accurately state all applicable hourly rates in effect during Plaintiff and Class Members' pay periods and the number of hours they worked at each hourly rate.

34.     As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment, if any. Plaintiff has had to file this lawsuit in order to analyze the extent of any underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurately hours worked and the corresponding rates of pay.

35.     Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

36.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

-7-

**Exhibit A, Page 18**

37.     Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unlawful and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.     For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclasses;

2.     For appointment of Joseph Saenz as the class representative;

3.     For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.     For compensatory damages in an amount according to proof at trial;

5.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code § 226(e);

6.     For pre-judgment interest to the extent permitted by law;

7.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code § 226(e); and

8.     For such other relief as the Court deems just and proper.


Dated: November 1, 2017                    **AEGIS LAW FIRM, PC**

                                    By: _____
                                        Ali S. Carlsen
                                        Attorneys for Plaintiff Joseph Saenz

-8-

**Exhibit A, Page 19**

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4    Dated: November 1, 2017

                                        **AEGIS LAW FIRM, PC**
5

6                                       By: _____
7                                           Ali S. Carlsen
                                            Attorneys for Plaintiff Joseph Saenz
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">-9-</div>

**Exhibit A, Page 20**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| AEGIS LAW FIRM, PC<br>Samuel Wong SBN:217104) Ali Carlsen (SBN: 289964)<br>9811 Irvine Center Dr., Suite 100<br>Irvine, California 92618<br>TELEPHONE NO.: 949-379-6250  FAX NO.: 949-379-6251<br>ATTORNEY FOR *(Name):* Plaintiff Joseph Saenz | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 01 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central District- Stanley Mosk

CASE NAME:
Joseph Saenz v. Lowe's Home Centers, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>**BC 682 111** |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

**By Fax**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 1, 2017
Ali Carlsen
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: Joseph Saenz v. Lowe's Home Centers, LLC | CASE NUMBER: BC 6 8 2 1 1 1 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**By Fax**

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES    CLASS ACTION? , YES   LIMITED CASE?   YES   TIME ESTIMATED FOR TRIAL  7-10   ☐ HOURS/ ✓ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice – Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Joseph Saenz v. Lowe's Home Centers, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons-See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 2., 5., 6, 11<br>2., 5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Joseph Saenz v. Lowe's Home Centers, LLC | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Joseph Saenz v. Lowe's Home Centers, LLC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br>☒1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10.☐11. | ADDRESS:<br>2800 W 120th St. |
|---|---|
| CITY:<br>Hawthorne, | STATE:<br>CA | ZIP CODE:<br>90250 |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: _November 1, 2017_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint; a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 11/17/17 | | | **DEPT.** 323 |
| HONORABLE ELIHU M. BERLE | JUDGE | K. JAMESON | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 11:45 am | BC682111 | Plaintiff Counsel | NO APPEARANCES |
| | JOSEPH SAENZ VS LOWES HOME CENTERS LLC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for January 11, 2018, at 2:30 p.m. in Department 323. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page    1 of    3    DEPT. 323

MINUTES ENTERED
11/17/17
COUNTY CLERK

**Exhibit A, Page 26**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/17/17 | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE                JUDGE | K. JAMESON | DEFUTY CLERK |
| HONORABLE                        JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE                          Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 11:45 am | BC682111 | Plaintiff Counsel | |
| | JOSEPH SAENZ | | NO APPEARANCES |
| | VS | Defendant | |
| | LOWES HOME CENTERS LLC | Counsel | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

              CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order and Initial Status Conference Order dated 11/17/17 upon each party or counsel named below by placing the document for collection and mailing so as to

                    Page   2 of  3   DEPT. 323

| MINUTES ENTERED |
|---|
| 11/17/17 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/17/17 | | DEPT. 323 |
|---|---|---|
| HONORABLE ELIHU M. BERLE JUDGE | K. JAMESON | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE Deputy Sheriff | NONE | Reporter |

| 11:45 am | BC682111 | | |
|---|---|---|---|
| | JOSEPH SAENZ | Plaintiff Counsel | NO APPEARANCES |
| | VS | | |
| | LOWES HOME CENTERS LLC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: November 17, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
KELLY JAMESON, JUDICIAL ASSISTANT

Samuel A. Wong
AEGIS LAW FIRM, PC
9811 Irvine Center Dr. Suite 100
Irvine, CA 92618

MINUTES ENTERED
11/17/17
COUNTY CLERK

**Exhibit A, Page 28**

**FILED**
Superior Court of California
County of Los Angeles

✓ NOV 17 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Kelly Jameson

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSEPH SAENZ, individually and on behalf of all others similarly situated, | **Case No.: BC682111** |
| | **INITIAL STATUS CONFERENCE** |
| Plaintiff(s), | **ORDER** |
| vs. | **(COMPLEX LITIGATION** |
| | **PROGRAM—CLASS ACTIONS)** |
| LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 20, inclusive, | Case Assigned for All purposes to Judge Elihu M. Berle |
| Defendant(s). | Department 323 |
| | Date: January 11, 2018 |
| | Time: 2:30 P.M. |

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program.  An Initial Status Conference is set for January 11, 2018, at 2:30 p.m. in Department 323 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on all parties, within five (5) days of service of this order.  If any defendant has not yet been served in this action, service is to be completed within twenty (20) days of the date of this order.

-1-

1    The Court orders counsel to prepare for the Initial Status Conference by identifying
2  and discussing the central legal and factual issues in the case.  Counsel for plaintiff is
3  ordered to initiate contact with counsel for defense to begin this process.  Counsel then
4  must negotiate and agree, as possible, on a case management plan.

5    Counsel must file a Joint Initial Status Statement five (5) court days before the
6  Initial Status Conference.  The Joint Response Statement must be filed on line-numbered
7  pleading paper and must specifically answer each of the below numbered items.  Do not
8  use the Judicial Council Form CM-110 (Case Management Statement).

9    1.   **PARTIES AND COUNSEL:**  Please list all presently-named Plaintiff class
10          representatives and presently-named defendants, together with all counsel of
11          record, including counsel's contact and email information.

12    2.   **ELECTRONIC SERVICE OF PAPERS:**  For efficiency, the complex
13          program requires the parties in every new case to use a third party cloud service,
14          such as:
15          ■ Case Anywhere (www.caseanywhere.com),
16          ■ CaseHomePage (www.casehomepage.com), or
17          ■ File&ServeXpress (www.lexisnexis.com/fileandserve).
18          The parties are to select one of these vendors and submit the parties' choice
19          when filing the Joint Initial Status Conference Class Action Response Statement.
20          If the parties cannot agree, the court will select the vendor at the Initial Status
21          Conference.  Electronic service is not the same as electronic filing.  Only
22          traditional methods of filing by physical delivery of original papers or by fax
23          filing are presently acceptable.

24    3.   **CLAIMS AND DEFENSES:**  Set forth a brief description of the core factual
25          and legal issues, derived from Plaintiff's claims and defendant's defenses.

26    4. **POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently
27  intend to add more class representatives?  If so, and if known, by what date and by what

28

-2-
INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**Exhibit A, Page 30**

1  name?  Does any plaintiff presently intend to name more defendants?  If so, and if known,

2  by what date and by what name?  Does any appearing defendant presently intend to file a

3  cross-complaint?  If so, who will be named?

4  **5.  IMPROPERLY NAMED DEFENDANT(S):**  Does any party contend that

5  the complaint names the wrong person or entity, please explain.

6  **6.  ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  Does

7  any party contend one or more named plaintiffs might not be an adequate class

8  representative. If so, please explain.

9  **7.  ESTIMATED CLASS SIZE:**  What is the estimated size of the putative

10  class?

11  **8.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

12  Are there other cases with overlapping class definitions? If so, please identify the court, the

13  short caption title, the docket number, and the case status.

14  **9. ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**

15  Does any party contend there is an arbitration and/or class action waiver. If so, please

16  discuss.

17  **10.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Are there any issues that

18  can be identified and resolved early. If so, please identify and set forth proposed vehicles

19  for resolution.

20  **PLEASE NOTE:  By stipulation a party may move for summary adjudication**

21  **of a legal issues or a claim for damages that does not completely dispose of a cause of**

22  **action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

23  **11.   PROTECTIVE ORDERS:**  Parties considering an order to protect

24  confidential information from general disclosure should begin with the model protective

25  orders found on the Los Angeles Superior Court Website under "Civil Tools for

26  Litigators."

27  **12.  DISCOVERY:**  Counsel are to discuss a plan of discovery.  Prior to

28

-3-

**Exhibit A, Page 31**

1   certification, the court generally allows discovery on matters relevant to class certification,

2   which depending on circumstances, sometimes may include some factual issues also

3   touching the merits.

4   **13. INSURANCE COVERAGE:** Please state (1) if there is insurance for

5   indemnity or reimbursement, and (2) whether there are any insurance coverage issues

6   which might affect settlement.

7   **14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to

8   discuss ADR and proposed neutrals to conduct such proceedings.

9   **15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future

10   dates for:

11   ■ The next status conference,

12   ■ A schedule for alternative dispute resolution,

13   ■ A filing deadline for the motion for class certification, and

14   ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

15   **PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise

16   provided in this Initial Status Conference Order, ***these proceedings are stayed, except for***

17   ***service of summons and complaint and filing of Notice of Appearance.*** This stay shall

18   preclude the filing of any answer, demurrer, motion to strike, or motions challenging the

19   jurisdiction of the Court. Any defendant may file a Notice of Appearance for purposes of

20   identification of counsel and preparation of a service list. The filing such a Notice of

21   Appearance shall be without prejudice to any challenge to the jurisdiction of the Court,

22   substantive or procedural challenges to the Complaint, any affirmative defense, and the

23   filing of any cross-complaint in this action. This stay is issued to assist the Court and the

24   parties in managing this "complex" case. Although the stay applied to discovery, this stay

25   shall not preclude the parties from informally exchanging documents that may assist in

26

27

28

-4-

**Exhibit A, Page 32**

1    their initial evaluation of the issues presented in this case.

2

3

4

5    Dated:

6        NOV 17 2017

                         HON. ELIHU M. BERLE
                         JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**Exhibit A, Page 33**